```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                :
BERNI FOMENGIA, et al.          :
                                :
     v.                         :  Civil Action No. DKC 2003-2709
                                :
MONTGOMERY COUNTY DEPARTMENT    :
OF HEALTH AND HUMAN SERVICES    :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this discrimination case is the motion of Plaintiffs to file a second amended complaint. (Paper 35). The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will grant Plaintiffs' motion in part and deny it in part.

**I. Background**

On September 22, 2003, Plaintiffs Berni Fomengia, Paul Gbenoba, Anthony Ogunsanya and Daniel Solee filed a complaint against Defendant Montgomery County Department of Health and Human Services, under Title VII (42 U.S.C. § 2000e *et seq.*), alleging employment discrimination "on the basis of race, color, national origin, sex, age, and retaliation for prior protected activity." (Paper 1, at 1). Defendant filed an answer to the complaint on October 23, 2003.

On November 26, 2003, Plaintiffs filed a motion for leave to amend their complaint seeking to add three individuals as

plaintiffs – Ezekiel Iyanda, Joseph Osazuwa and Emmanuel Adetunji – and to certify the case as a class action.  On April 8, 2004, the court issued an Order and accompanying Memorandum Opinion, granting Plaintiffs' motion to amend to add the three new individuals as plaintiffs, but denying the motion to the extent that Plaintiffs sought to certify the case as a class action.  (Papers 11 and 12).  The court noted that although Plaintiffs had included a "Class Action Allegations" section in the amended complaint, they had not filed a motion for class certification pursuant to Fed.R.Civ.P. 23.  The court concluded that the record was not developed enough for the court to rule on class certification, but instructed Plaintiffs to use the "pre-certification discovery period to develop more fully a factual record" for the court to determine if the class certification requirements were met.  The court allowed Plaintiffs 30 days within which to file a properly supported motion for class certification, if they still sought to proceed as a class.  On April 12, 2004, Plaintiffs filed the amended complaint.[1]  (Paper 13).  On April 20, 2004, Defendant filed an answer to the amended complaint.  (Paper 14).

Between May 2004 and October 2004, the parties engaged in discovery on both the class certification issue and on the merits.

---

[1] Although the court's April, 8, 2004, Order denied Plaintiffs' request to certify the class, the court did not deny Plaintiffs' request to add class action allegations.  The amended complaint filed on April 20, 2004, contained the "Class Action Allegation" section.

2

The court granted two joint motions for extensions of time to complete discovery and to modify the scheduling order during this time.[2]  (Papers 21, 24).  The court also granted Plaintiffs' motion for an extension of time within which to file a motion for class certification.  (Paper 16).  On July 29, 2004, Plaintiffs filed a notice with the court stating that Plaintiffs "will not presently file a motion to certify this matter as a class complaint" because "there is insufficient information at this time to file a properly supported motion for class certification." (Paper 22, at 1).  They did not, however, move to amend the complaint at that time.

On October 24, 2004, Plaintiffs' attorney, Lisa Sanders, filed a motion to withdraw.  (Paper 25).  The court granted the motion, and also granted Plaintiffs' motion to stay the case for 120 days so that Plaintiffs could obtain alternate counsel.  (Paper 28).  On March 15, 2005, Nathaniel David Johnson filed a notice of appearance on behalf of Plaintiffs.  (Paper 31).

On March 16, 2005, the court entered a modified scheduling order.  (Paper 32).  The scheduling order specified, among other things, that:  the deadline for the amendment of pleadings was July 1, 2005; the deadline for discovery was September 30, 2005; and the deadline for dispositive pretrial motions was October 31, 2005.  On September 26, 2005, the parties filed a consent motion for an

---

[2] The October 1, 2004, Order (paper 24) granting the second extension provided that discovery would end on December 8, 2004.

3

extension of time to complete discovery.  (Paper 33).  On the same day, the court issued an Order granting the motion and extending discovery to November 14, 2005, with dispositive pretrial motions being due by December 16, 2005.  (Paper 34).  On November 10, 2005, four days before discovery was set to close, Plaintiffs filed a motion to amend the complaint.[3]  (Paper 35).  According to the Joint Status Report filed January 3, 2006, Defendant intends to file a motion for summary judgment once the pending motion is resolved.

**II. Analysis**

Local Rule 103.6.c requires that "the party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." Plaintiffs did not comply with this rule when they filed their motion to amend.  As Defendant rightfully points out in its opposition memorandum, Plaintiffs' proposed second amended complaint contains additions that were not bolded, and Plaintiffs deleted language that was not reflected.[4]

---

[3] On November 14, 2005, Plaintiffs filed a corrected version of the "clean" amended complaint.  (Paper 36).

[4] The corrected version of the "clean" complaint filed on November 14, 2005, does not resolve this deficiency.

4

On January 9, 2006, Plaintiffs filed "corrected copies of the clean, stricken and amended complaints, which were originally filed on November 10, 2005." (Paper 43).  Plaintiffs' "corrected" versions are still not in compliance with Local Rule 103.6.c because the proposed changes are identified incorrectly.[5] Moreover, it appears that Plaintiffs did more than merely correct errors in the identification of proposed changes  -  there are multiple substantive changes between the second amended complaint that Plaintiffs filed on November 10, 2005, and the "corrected" version filed on January 9, 2006.  For example, the January 9, 2006, version adds four additional paragraphs to the "Statement of Claims" section that were not included in the November 10, 2005, version.[6]  In addition, although the November 10, 2005, version reflects a proposed change to assert a retaliation claim with regard to Plaintiff Emmanuel Adetunji, this change is absent from the January 9, 2006, version of the proposed second amended

---

[5] The court found multiple instances where Plaintiffs failed to identify language of the proposed second amended complaint that differed from the first amended complaint.  For example, in Plaintiffs' "State of Claims Section," paragraph "l" of the proposed second amended complaint is entirely different from paragraph "l" of the first amended complaint yet Plaintiffs fail to specify this alteration.

[6] These additional paragraphs also were not included in the November 14, 2005, version.

5

complaint.  The court will assume that Plaintiffs intend for the court to consider the January 9, 2006, version.[7]

Notwithstanding Plaintiffs' continued violation of Local Rule 103.6c, the court will deny Plaintiffs' motion to add claims on the merits. Plaintiffs' motion to file a second amended complaint triggers Fed.R.Civ.P. 15(a) governing amendment of pleadings and Fed.R.Civ.P. 16(b) governing modification of a scheduling order.

Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 16(b) governs the modification of a scheduling order.  The rule states that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge."  As this court has noted, Rule 16(b)'s "good cause" standard governs motions to amend pleadings filed after scheduling order deadlines.[8] *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F.Supp.2d 618, 631-32 (D.Md.

---

[7] This version was filed after both parties completed briefing on the motion.  To the extent that it contains substantive changes, Defendants should be given the opportunity to respond.  However, because the court will deny Plaintiffs' motion to add claims on the merits, Defendants are not prejudiced by the lack of opportunity to address Plaintiffs' latest version.

[8] The United States Court of Appeals for the Fourth Circuit has never directly addressed the interplay between Rules 15(a) and 16(b).  However, in a recent opinion, the court acknowledged that both Rules 15(a) and 16(b) apply where a party seeks to amend a complaint after the deadline in a scheduling order has passed. *See Wall v. Fruehauf Trailer Servs.*, 123 Fed. App'x 572, No. 03-2091, 2005 WL 428781, at *3 (4th Cir. Feb. 24, 2005) (articulating the standards of both Rule 15(a) and 16(b) and affirming the district court judge's determination that "good cause" existed to permit the plaintiff to amend his complaint pursuant to both rules).

2003); *CompuSpa, Inc. v. Int'l Bus. Machs. Corp.*, No. Civ.A.DKC 2002-0507, 2004 WL 1459272, at *1-2 (D.Md. June 29, 2004). *See also O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-55 (1st Cir. 2004); Advisory Committee Notes to the 1983 Amendments to Fed.R.Civ.P. 16(b) (stating that the reason for limiting the period for amending the pleadings is to assure "that at some point both the parties and the pleadings will be fixed").

Plaintiffs seek to file a second amended complaint more than four months past the July 1, 2005, deadline that was unambiguously stated in the scheduling order. Accordingly, Plaintiffs must show "good cause." *See Odyssey Travel Ctr., Inc.*, 262 F.Supp.2d at 631-32; *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373 (D.Md. 2002). The good cause inquiry primarily "focuses on the timeliness of the amendment and the reasons for its tardy submission," and in particular, on "the diligence of the movant." *Rassoull*, 209 F.R.D. at 374.

Plaintiffs move to amend the first amended complaint to include a discrimination claim pursuant to 42 U.S.C. § 1981 and to delete the class action allegations. In addition, Plaintiffs seek to add the following statements:

> Plaintiff Ogunsanya continues to be subject to violations of Title VII and 1981 as evident by denial of promotion opportunities. Moreover, Plaintiff Ogunsanya's immediate supervisor is a panelists [sic] for many of the promotions in which he has applied and was summarily denied.

7

>       Plaintiff Adetunji continues to be subject to
>       violations of Title VII and 1981 as evident by
>       denial of promotion opportunities.  Moreover,
>       Plaintiff Adetunji's immediate supervisor is a
>       panelists [sic] for many of the promotions in
>       which he has applied and was summarily denied.

(Paper 43, at 3-4).

Plaintiffs justify their motion by stating that Plaintiffs Ogunsanya and Adetunji were recently issued dismissal letters from the Equal Employment Opportunity Commission ("EEOC") "and would like to also add additional allegations and [sic] the statute of 42 U.S.C. § 1981."  Plaintiffs assert that the amended complaint "will cause no undue delay, and is not made in bad faith or with a dilatory motive."  Plaintiffs highlight that the requested amendments would not prejudice Defendant and that Defendant still had an opportunity to take discovery.[9]  (Paper 35, at 3).  In their reply memorandum, Plaintiffs re-emphasize that Defendant would not be prejudiced by the amendments and state that Plaintiffs' former counsel, Nathaniel Johnson, who filed the motion for leave to amend, did not file an appearance until March 15, 2005.[10]

Plaintiffs fail to show good cause why the court should allow amendment to assert a § 1981 claim or to add the factual allegations.  Although Plaintiffs cite two EEOC right-to-sue

---

[9] Defendants had four days to obtain additional discovery from the time the motion was filed until the close of discovery.

[10] On November 29, 2005, Richard Lloyd Thompson II filed a notice of appearance on behalf of Plaintiffs.  (Paper 38).  Mr. Johnson withdrew his appearance on November 30, 2005.  (Paper 39).

letters issued on October 17, 2005, a few weeks before the motion to amend was filed, they do not assert any connection between these letters and the proposed amendments.  Both Mr. Ogunsanya and Mr. Adetunji were already plaintiffs in this suit at the time the EEOC issued the letters and so there can be no contention that the letters were needed as a prerequisite to asserting claims on their behalf.  In addition, Plaintiffs do not appear to assert new claims that were the subject of the EEOC letters.  To the extent that Plaintiffs seek to add a § 1981 claim, the letters are inapplicable.  Even assuming the factual statements Plaintiffs seek to add have some connection to the EEOC letters, the claims addressed in the letters were filed with the EEOC more than a year before the second motion to amend was filed and were pending when Mr. Johnson noticed his appearance.  Hence, there is no reason why Plaintiffs could not have filed their motion in accordance with the scheduling order.  Moreover, Plaintiffs do not claim that either the factual assertions or the applicability of § 1981 are based on "newly uncovered evidence."

Finally, the fact that Mr. Johnson's representation did not begin until March 15, 2005, alone, is insufficient to show "good cause."  The scheduling order was modified to account for Plaintiffs' change in attorneys.  Mr. Johnson had three and a half months to move to amend the complaint or to seek a modification of the scheduling order.  He did neither.  As this court has noted:

9

> Lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *West Virginia Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end.*" Marcum [*v. Zimmer*], 163 F.R.D. [250,] 254 [(S.D.W.Va. 1995)].

*Rassoull*, 209 F.R.D. at 374 (emphasis in original). Because Plaintiffs cannot show good cause for the delay in asserting their § 1981 claim or adding the proposed factual assertions, the court need not consider whether the standards of Fed.R.Civ.P. 15(a) have been met.

With regard to deletion of the class action claims, however, there is good cause to allow the amendment. In April 2004, this court denied Plaintiffs' first motion to amend the complaint, to the extent that Plaintiffs requested the court to certify a class. The court concluded that the record was not developed enough to rule on class certification, but instructed Plaintiffs to use the discovery process to develop the factual record and to file a proper motion for class certification if they still wished to proceed as a class. Although the court provided 30 days in which to file the motion for class certification, Plaintiffs requested and the court granted an extension of this deadline so that additional discovery could be taken. On July 29, 2004, Plaintiffs filed a notice stating that they did not intend to file a motion for class certification at that time because the factual record did

10

not support class certification.  Plaintiffs reserved their right to file a motion at a later time, should further discovery reveal additional facts supporting class certification.

Plaintiffs filed the second motion to amend their complaint four days before discovery ended, and asked, among other things, that the class action claims be stricken from the complaint. Hence, it is clear that discovery did not reveal additional facts necessary to support class certification and that there is good cause to amend the complaint to strike the class claims.  Moreover, the amendment is also proper pursuant to Rule 15(a).  Plaintiffs have not filed a motion seeking class certification and there is no indication that they intend to do so.  Likewise, Defendant does not allege that it would be prejudiced by striking the class claims or otherwise challenge the proposed amendment in any way.  Hence, the class claims should be stricken from the complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).  Accordingly, to the extent that Plaintiffs' motion to amend the complaint seeks to strike the class action claims, it will be granted.

A separate Order will follow.

                                              _____/s/_____
                                              DEBORAH K. CHASANOW
                                              United States District Judge