IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERNI FOMENGIA, et al.              :
                                    :
   v.                               : Civil Action No. DKC 2003-2709
                                    :
MONTGOMERY COUNTY DEPARTMENT
OF HEALTH AND HUMAN SERVICES        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion (paper 63) filed by Plaintiffs Berni Fomengia, Paul Gbenoba, Daniel Solee, Joseph Ogunsanya, Emmanuel Adetunji, Joseph Osazuwa, and Ezekiel Iyanda for reconsideration of the court's September 12, 2006 Order (paper 62) granting summary judgment in favor of Defendant Montgomery County Department of Health and Human Services.  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion for reconsideration will be denied.

Plaintiffs asserted claims under Title VII, 42 U.S.C. § 2000e, *et seq.*, for employment discrimination and retaliation.  The facts of the case and the grounds upon which the court granted summary judgment on each count of the complaint are set forth more fully in the court's September 12, 2006 Memorandum Opinion (paper 61) and will not be repeated here.

Plaintiffs' motion for reconsideration challenges the court's entry of summary judgment only as to the discriminatory failure to

hire claim asserted by Mr. Fomengia and the retaliation claim asserted by Mr. Ogunsanya.  Plaintiffs argue that the court ignored evidence suggesting that Defendant's asserted rationale for failing to hire Mr. Fomengia was pretextual and applied the wrong legal standard.  With respect to Mr. Ogunsanya's claim, Plaintiffs present additional evidence to assert a claim of retaliation under the new standard announced by the Supreme Court of the United States in *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S.Ct. 2405 (2006).

A motion for reconsideration of an order granting summary judgment can be asserted through several avenues, including Fed.R.Civ.P. 59(e), which provides for a "Motion to Alter or Amend Judgment," or Fed.R.Civ.P. 60(b), which provides for a motion for relief from a judgment or order.  A district court should determine and specifically state which of these standards applies to a motion before deciding the motion, because "[t]he differences between the two rules are substantial and affect what evidence can be considered and what law controls." *Zinkand v. Brown*, No. 05-2170, ___ F.3d ___, 2007 WL 611972, at *2 (4th Cir. March 1, 2007).  Plaintiffs argue for reconsideration pursuant to Fed.R.Civ.P. 59(e).  Therefore, the court will consider the motion only under the standard for a motion to alter or amend judgment under Rule 59.

**I.  Standard of Review**

Fed.R.Civ.P. 59(e) authorizes a motion to alter or amend judgment and provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Although the language of the rule does not specify the standard under which such a motion is properly evaluated, the United States Court of Appeals for the Fourth Circuit has recently explained the legal standard applicable to a motion under Fed.R.Civ.P. 59(e):

> Our case law makes clear . . . that Rule 59(e) motions can be successful in only three situations:  "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'"  *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).
> Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made.  *See Pac. Ins. Co.*, 148 F.3d at 403.  To this end, the court, of necessity, has some discretion to determine whether additional evidence should be considered or further argument heard.  If the court elects to look at additional evidence represented as having been unavailable at the prior hearing, the court must satisfy itself as to the unavailability of the evidence and likewise examine the justification for its omission.  *See RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992) (concluding that a district court can accept new evidence under Rule 59(e) as long as the party provides justification for why the evidence was not presented previously). . . .

3

>      The same analysis applies to the district
> court's decision [as to whether] to hear
> further legal argument. . . .

*Zinkand*, 2007 WL 611972, at *3.  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403; *see also Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F.Supp.2d 676, 677 n.1 (D.Md. 2001) ("A motion to reconsider is not a license to reargue the merits or present new evidence." (citing *RGI, Inc.*, 963 F.2d at 662).

**II.   Discriminatory Failure to Hire Claim**

Plaintiffs argue that Defendant's asserted rationale for refusing to hire Mr. Fomengia, a negative reference allegedly given by Mr. Fomengia's supervisor, Kathi Heflin, to Kathryn Barrett, Defendant's Manager of Income Support Programs, is pretextual. Plaintiffs allege that the court applied the wrong legal standard for inferring discrimination from a showing that Defendant's asserted rationale for refusing to hire Mr. Fomengia was pretextual.  Plaintiffs also point to evidence submitted in opposition to the motion for summary judgment indicating that reference contact forms for only two references were completed in Mr. Fomengia's file, that these references gave positive reports regarding Mr. Fomengia, and that Mr. Fomengia was disciplined in

4

2004, after the alleged reference was given. Finally, Plaintiffs provide a document they identify as a reference score card completed with respect to two of Mr. Fomengia's references indicating that they were assigned a score of 24 out of 25 possible points. (Paper 63, Ex. Z).

Plaintiffs' arguments are not proper grounds to alter the judgment entered in favor of Defendants as to Mr. Fomengia's claim of discriminatory failure to hire because Plaintiffs' arguments do not assert a change in controlling law, new evidence not previously available, or any clear error of law or manifest injustice resulting from the entry of judgment against Mr. Fomengia. *See Zinkand v. Brown*, 2007 WL 611972, at *3. Plaintiffs do not rely on any recently decided cases to assert a change in law. With regard to newly discovered evidence, Plaintiffs submit exhibit Z, which was not previously a part of the record, but do not indicate that this evidence was discovered after the summary judgment motion was decided or present any other excuse for having failed to submit this evidence before the summary judgment motion was decided. "A party failing to set forth evidence sufficient to defeat summary judgment may not later submit supplemental evidence purportedly demonstrating a dispute of material fact without legitimate justification as to why it failed to present that evidence during summary judgment proceedings." *Gray-Hopkins v. Prince George's County, Md.*, 201 F.Supp.2d 523, 524 (D.Md.) (citing *Cray Commc'ns,*

5

*Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 395 (4th Cir. 1994)), *rev'd in part on other grounds*, 309 F.3d 224 (4th Cir. 2002).

Apart from the new evidence presented in exhibit Z, Plaintiffs merely reiterate arguments considered and rejected by the court in its consideration of the summary judgment motion.  In the motion for reconsideration, Plaintiffs point to evidence that they assert undermines Ms. Barrett's credibility, including alleged expressions of animus, positive references regarding Mr. Fomengia, and evidence of discipline as to Mr. Fomengia in 2004.  The court considered the same evidence and determined that none of this evidence contradicted or tended to refute Ms. Barrett's statements, and that as such, it was an insufficient basis to support a finding of pretext. (Paper 61, at 11-14).  Because "a motion to reconsider is not a license to reargue the merits," Plaintiff's argument for reconsideration of this conclusion will be denied. *Royal Ins. Co. of Am.*, 142 F.Supp.2d at 677 n.1 (citing *RGI, Inc.*, 963 F.2d at 662).  Plaintiffs' allegation that the court misstated the legal standard for inferring discrimination from a showing of pretext under *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), also provides no basis to alter the judgment.  The court concluded that Plaintiffs had not offered evidence that would support a finding of pretext, so the court had no opportunity to consider whether any showing of pretext would be a sufficient basis

6

to infer discrimination against Mr. Fomengia.  (Paper 61, at 13-14).

### III.  Retaliation Claim

Plaintiffs argue that Mr. Ogunsanya was subjected to retaliation since early 2003, when the initial charge of discrimination related to this case was filed with the EEOC.  Mr. Ogunsanya alleges that he has been subjected to retaliation in the form of "disparate treatment in leave request; unwarranted counseling meetings; retaliatory performance evaluations; unjustified disciplinary hearings; and threats by his immediate supervisor that she would monitor his action with a surveillance videotape to verify his whereabouts."  (Paper 63, at 5).  In support of these allegations, Plaintiffs offer claim forms submitted by Mr. Ogunsanya and a response letter by the Montgomery County Office of Human Resources acknowledging these claims and determining that Mr. Ogunsanya could not meet the applicable causation standards for a retaliation claim. (Paper 63, Ex. AA).

Plaintiffs' arguments with respect to Mr. Ogunsanya's retaliation claims are not proper grounds to alter the court's judgment against Plaintiffs on this claim.  Plaintiffs' arguments do not assert a change in controlling law, new evidence not previously available, or any clear error of law or manifest injustice resulting from the entry of judgment against Mr. Ogunsanya. *See Zinkand*, 2007 WL 611972, at *3.  Plaintiffs appear

7

to contend that the standard for a *prima facie* showing of retaliatory action established in *Burlington* is a new legal standard, (paper 63, at 5-6), but *Burlington* was decided on June 22, 2006, nearly a month before Plaintiffs filed their opposition to Defendant's motion for summary judgment, on July 20, 2006. In fact, Plaintiffs cited and discussed *Burlington* in their opposition. (Paper 56, at 21-22). Furthermore, the court applied the standard set forth in *Burlington* in determining that Defendant was entitled to summary judgment as to Mr. Ogunsanya's retaliation claim. (Paper 61, at 34).

Plaintiffs also appear to assert that the argument for reconsideration as to Mr. Ogunsanya's retaliation claim is based on newly discovered evidence. While Plaintiffs submit exhibit AA in support of the motion for reconsideration, these documents were either created or received by Mr. Ogunsanya between 2004 and 2005. Plaintiffs do not offer any reason why these materials were not available for submission with their opposition to the motion for summary judgment. Because Plaintiffs allege no justification for the failure to submit this evidence before the court ruled, the evidence will not be considered. *See Gray-Hopkins*, 201 F.Supp.2d at 524 (citing *Cray Commc'ns, Inc.*, 33 F.3d at 395).

Finally the entry of summary judgment for Defendant as to Mr. Ogunsanya's retaliation claim is not clearly erroneous and does not work any manifest injustice. In determining that Defendant was

entitled to summary judgment as to Mr. Ogansanya's retaliation claim, the court reasoned that Mr. Ogunsanya had failed to establish causation for any alleged acts of retaliation because "[n]o facts in the record indicate when this conduct occurred, and thus Mr. Ogunsanya has not provided evidence to show that the claimed conduct started after or became worse after any previous protected activity."  (Paper 61, at 35).  Plaintiffs now submit additional evidence in an attempt to establish the timing of the allegedly retaliatory conduct against Mr. Ogunsanya.  As discussed above, however, this evidence will not be considered because Plaintiffs provide no justification for failing to submit it at an earlier time.[1]  Absent evidence of the relative timing of Mr. Ogunsanya's protected activity and the allegedly retaliatory conduct, Plaintiffs cannot establish causation, and thus have not established a *prima facie* case of retaliation.  *See Jhaveri v. Comptroller of Treasury*, No. RDB-05-1159, 2006 WL 2264388 at *11 (D.Md. Aug. 7, 2006)(citing *Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997)).

---

[1] Defendant also argues that the evidence submitted would not be sufficient to support a jury in finding the causation element of a *prima facie* case of retaliation, but this argument need not be addressed, because the newly submitted exhibit will not be considered.

9

**IV. Conclusion**

For the foregoing reasons Plaintiffs' motion for reconsideration will be denied. A separate Order will follow.

```
                          /s/
            DEBORAH K. CHASANOW
            United States District Judge
```